IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDOLPH MORRIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-4429-L-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Randolph Morris, a Texas prisoner, has filed an petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to stay and abate the proceedings until he can fully exhaust state remedies. *See* Dkt. Nos. 3 & 13. For the reasons stated herein, Petitioner's motion [Dkt. No. 13] should be denied, and his habeas corpus petition [Dkt. No. 3] should be denied.

## Background

On June 14, 1983, in Cause Nos. F83 89666 HS and F83 89668 HS Petitioner pleaded guilty and was found guilty of aggravated rape and sentenced concurrently to 99 years imprisonment in each case. The convictions were affirmed on direct appeal. *See Morris v. State*, Nos. 05-83-00746-CR and 05-83-00747-CR (Tex. App. – Dallas, Oct. 21, 1983, no pet.). Petitioner also filed three applications for state post-conviction relief challenging these convictions. The applications were denied without written order. *See*

-1-

*Ex parte Morris,* WR-13,922-03 (Tex. Crim. App. March 16, 1994); *Ex parte Morris,* WR-13,922-02 (Tex. Crim. App. March 18, 1987); *Ex parte Morris,* WR-13,922-01 (Tex. Crim. App. June 26, 1986).

Petitioner then filed this action in federal district court, claiming that he is illegally detained because he should have been released on mandatory supervision in 2003 when he served twenty years of his concurrent sentences. *See* Dkt. No. 3 at 6.

Respondent argues that the petition is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). *See* Dkt. No. 11 at 5-8. But the undersigned concludes that, because the petition lacks merit, the Court need not address Respondent's argument that the petition is time-barred.

Respondent also asserts that Petitioner's claim is unexhausted because he never presented the claim to the Texas Court of Criminal Appeals. *See id.* at 8-9. Respondent points out, *see id.* at 4-5 n.3, that the statute applicable to Petitioner provides that he should be released to mandatory supervision "when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced," TEX. CODE CRIM. P. former art. 42.12 § 15(c). Respondent also notes, *see* Dkt. No. 11 at 4-5 n.3, that the parole statute applicable to Petitioner provides that he is eligible for release on parole when "his actual calendar time, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less," TEX. CODE CRIM. P. former art. 42.12 § 15(b).

Petitioner then filed a motion to abate until resolution of a state habeas corpus proceeding. *See* Dkt. No. 13. Petitioner seeks a stay and abeyance so that he may

exhaust his claim regarding mandatory supervision and present and exhaust as a new claim that he is entitled to parole.

### Legal Standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990); *see also Rose v. Lundy,* 455 U.S. 509, 518-22 (1982) (a "mixed" petition containing both exhausted and unexhausted claims should be dismissed); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (same).

But a federal petition my be denied on the merits, even if the petitioner failed to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(2); *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005).

The Court may grant a stay so that a petitioner may exhaust his claims if the petitioner had good cause for failing to first exhaust claims in state court, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner has engaged in dilatory tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

## Analysis

Petitioner has not presented his mandatory supervision claim to the highest available state court and therefore has failed to exhaust state remedies. *See Bautista v. McCotter,* 793 F.2d 109. As Petitioner recognizes, his new claim regarding the failure to release him to parole in 2003, which he would like to raise after he presents it in state court, is also unexhausted.

Petitioner's mandatory supervision claim lacks merit, and this Court may deny the petition rather than dismiss it as unexhausted. *See* 28 U.S.C. § 2254(b)(2); *Neville v. Dretke*, 423 F.3d 474. Petitioner's motion to abate [Dkt. No. 13] recognizes that he is not entitled to be released on mandatory supervision until his time served plus good conduct time equals the length of his concurrent sentences, which is 99 years. Petitioner's prison time record [Dkt. No. 11, Exhibit B] shows that, as of November 8, 2013, Petitioner had over 30 years of calendar time served and almost 37 years of good time earned, for a total of over 67 years of mandatory supervision time credit. He has not reached 99 years of mandatory supervision time credit, so he is not yet entitled to be released on mandatory supervision. Therefore, Petitioner's mandatory supervision claim lacks merit, and there is no need to allow Petitioner to return to state court to exhaust the claim.

As to the potential new claim concerning the failure to release Petitioner on parole in 2003, Petitioner has not shown good cause for his failure to exhaust this claim before he filed his federal petition. Moreover, his claim is not potentially meritorious. There is no constitutional right of a convicted person to be conditionally

released before the expiration of the sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). And Texas prisoners do not have a protected liberty interest in parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Petitioner has not shown under *Rhines v. Weber* that his new claim – that he should have been released on parole in 2003 – has any potential merit, and Petition is not entitled to a stay and abeyance so that he may exhaust this claim. To the extent that Petitioner's motion to abate could be construed also as a motion to supplement his petition with the new parole claim, Petitioner should be denied leave to supplement, because the new claim is unexhausted and lacks merit.

## Recommendation

Petitioner's motion to abate [Dkt. No. 13] should be denied, and the habeas corpus petition [Dkt No. 3] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE